# EXHIBIT 'B'

OCT-08-2003  12:27                                                                                        P.12

## LANDLORD'S RELEASE AND WAIVER AGREEMENT

THIS AGREEMENT ("Agreement") is made effective as of the 17th day of September 2003 by MSS Associates LLC ("Landlord"), in favor of SOVEREIGN BANK (the "Bank").

### BACKGROUND

A. Landlord is the owner of the entire fee of certain premises situated at 270 Rt. 17 South, Mahwah NJ (the "Leased Premises"), which Leased Premises are currently leased by Landlord to Ridgewood Corp. ("Borrower"), pursuant to the terms of that certain lease dated 11-1-01 (the "Lease").

B. The Bank has a security interest in the Personal Property (as defined below).

C. Landlord has executed this Agreement upon the request of Bank and Borrower.

**NOW, THEREFORE,** for good and valuable consideration and intending to be legally bound hereby, Landlord hereby agrees as follows:

1. Landlord hereby waives, releases and relinquishes to Bank all right, title, interest, claim and lien which Landlord has or may in the future have in, to or against any personal property, including without limitation, inventory, shelving, equipment, machinery, furniture, fixtures, and books and records, whether now owned or hereafter acquired by Borrower, and located at any time on the Leased Premises (collectively the **"Personal Property"**). The Personal Property shall not be subject to levy, sale on distress or distraint for rent or to any claim, lien or demand of any kind by Landlord.

2. Landlord has not received notification of any other entity (other than Bank) claiming a security interest in the Personal Property.

3. Landlord authorizes Bank, its attorneys, agents and employees to enter on the Leased Premises and to take possession of, remove or dispose of the Personal Property at any time.

4. Notwithstanding any term of the Lease or any amendments, modifications, extensions or renewals thereof, or any contrary intent that may be expressed by Borrower, or that may otherwise be implied by law, and regardless of the manner of affixation, the Personal Property is not and shall not be deemed a fixture or part of the real estate, but shall at all times be considered personal property.

5. Landlord will notify Bank at such time as Borrower breaches the Lease or vacates the Leased Premises, and agrees to give Bank written notice at least thirty (30) days prior to acceleration of sums due under the Lease or termination of the Lease in order to allow Bank to cure such default, provided that Bank has no obligation to cure any such default. Landlord's failure to deliver such notice shall not result in any liability of Landlord to Bank or Borrower but Landlord may not accelerate the sums due under the Lease or terminate the Lease without first having delivered such notice and afforded Bank an opportunity to cure the default.

BLU:127897.1/000001-102015

OCT-08-2003  12:27                                                                    P.13

6.  At such time as Borrower vacates the Leased Premises, voluntarily or involuntarily, the Lease is terminated, or Bank repossesses the Personal Property, Bank may store the Personal Property on the Leased Premises, operate the Leased Premises, prepare the Personal Property for sale and/or conduct a sale or liquidation of such Personal Property on the Leased Premises. Bank shall not be liable for rental or storage charges under the Lease or otherwise. However, if Landlord has made written demand on Bank to remove the Personal Property within a reasonable period of time, but not less than one hundred fifty (150) days after Bank's receipt of written notice, and Bank has failed to do so, Bank may continue to store the Personal Property on the Leased Premises, operate the Leased Premises and otherwise use the Leased Premises as set forth above, provided that Bank agrees to pay the regular monthly, non-accelerated rental payments under the Lease (not including any past-due, additional or bonus rental) prorated for the number of days Bank keeps the Personal Property on the Leased Premises after expiration of such one hundred fifty (150) day notice period. Nothing herein or elsewhere shall be deemed to prevent or limit Bank, at its option, from abandoning any part of the Personal Property.

7.  Landlord represents and warrants to Bank that:

    (a)  The Lease is in full force and effect and has not been amended, modified, renewed or assigned;

    (b)  Borrower is not in default of any of its obligations under the Lease; and

    (c)  All rent and other payments, if any, due under the Lease have been paid by Borrower through _September_, 2003.

8.  Landlord understands and agrees that Bank is relying on the agreements, representations and warranties contained in this Agreement in extending, continuing or maintaining certain credit facilities to Borrower.

9.  This instrument shall be binding upon Landlord, its, his or her heirs, personal representatives, successors and assigns and shall inure to the benefit of Bank and its successors and assigns.

10. All notices to be given Bank shall be given to Bank at the following address:

    Sovereign Bank
    One Huntingdon Quadrangle, Second Floor
    Melville, NY 11747
    Attention: Alan Lapidus, Senior Vice President

BLU:127897.1/000001-102015                      -2-

OCT-08-2003  12:27                                                                                      P.14

**IN WITNESS WHEREOF,** Landlord has executed this Agreement effective the day and year first above written.

**LANDLORD:**

By: _____
Name/Title: Jules M. Weinstein
            MANAGING MEMBER

BLU:127897.1/000001-102015                    -3-