| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>**225 Millburn Avenue - Suite 207**<br>**P.O. Box 1029**<br>**Millburn, New Jersey 07041**<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel to Debtor<br>**DANIEL M. STOLZ (DS-1897)** |  |
| In Re:<br><br>**RIDGEWOOD CORP.,**<br><br>            **Debtor.** | Chapter 11<br><br>Case No. 10-30571<br><br>Hon. Rosemary Gambardella |

## ORDER APPROVING SALE OF SUBSTANTIALLY ALL ASSETS

The relief set forth on the following pages numbered one (1) through seven (7) be and is hereby ORDERED.

7/16/10    _/s/ Rosemary Gambardella_
                      USBJ

(Page 2)

Debtor:             Ridgewood Corp.

Case No.:           10-30571

Caption of Order:   Order Approving Sale of Substantially All Assets

---

This matter having come before the Court upon the Motion of Ridgewood Corp., the Debtor in Possession in the this Chapter 11 case (hereinafter the "Debtor" or "Ridgewood"), seeking approval of a sale of substantially all Debtor's assets to Sovereign Bank, a federal savings bank ("Sovereign") pursuant to 11 U.S.C. § 363 (the "Sale Motion") and the Court having reviewed and considered the Sale Motion and any objections thereto, and having received bids for certain of the Debtor's assets at the Sale Hearing and having heard oral argument and testimony on the return date of the Sale Motion and finding good cause for the entry of the within Order,

This Court hereby finds as follows:

A. Prior to the bankruptcy filing, Ridgewood acknowledged that it was in default under its Loan Documents[1] with Sovereign and that the collateral securing the debt obligations to Sovereign would not satisfy the Bank Indebtedness. Further, Ridgewood had consented to the surrender of the collateral to Sovereign and, with the assistance of Morris Anderson, cooperated in negotiating three separate Secured Party Sale and Disposition Agreements.

B. The closing of the secured party sales by Sovereign was scheduled for June 24, 2010.

C. On June 18, 2010 three (3) petitioning creditors filed an involuntary petition against Ridgewood. On June 22, 2010 the petitioning creditors filed a motion for the appointment of an interim trustee and an application to shorten time for a hearing on its motion (the

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Loan and Security Agreement dated October 10, 2003 as modified and amended, or in the Sale Motion.

2

**(Page 3)**

Debtor:            Ridgewood Corp.
Case No.:          10-30571
Caption of Order:  Order Approving Sale of Substantially All Assets

---

"Interim Trustee Motion"). On the same date, counsel for the petitioning creditors filed a notice of joinder of two additional petitioning creditors.[2]

D. On June 23, 2010, Sovereign filed a motion for stay relief and similarly filed an application to shorten time for a hearing on the stay relief motion (the "Stay Relief Motion"). In support of the Stay Relief Motion, Sovereign filed the Declaration of Alan M. Lapidus, which attached all of the operative Sovereign loan documents, UCC-1 Financing Statements, recorded mortgage, notices of Events of Default, as well as the three Secured Party Sale and Disposition Agreements. The Declaration of Steven Agran of Morris Anderson & Associates, also filed in support of the Stay Relief Motion, attached all of the agreements entered into between Sovereign, the Blackman affiliated companies (that were the proposed purchasers from Sovereign pursuant to the three secured party sale and disposition agreements), the affiliated landlords, as well as the proposed employment agreements offered to the Debtor's principals.

E. This Court conducted a hearing on both the Interim Trustee Motion and the Stay Relief Motion on June 24, 21010. During the course of the June 24th hearing, the parties represented to the Court that they had reached agreement for the Debtor's filing of a voluntary Chapter 11 Petition and proceeding with a § 363 Sale on a shortened time frame.

---

[2] The three members of the Creditors Committee appointed in this case were either original or joining Petitioning Creditors. Nonetheless, each of the three members of the Creditors Committee advised the U.S. Trustee during the Sale Hearing of their resignation from the Committee, which resignations have been accepted by the U.S. Trustee.

**(Page 4)**

| | |
|---|---|
| Debtor: | Ridgewood Corp. |
| Case No.: | 10-30571 |
| Caption of Order: | Order Approving Sale of Substantially All Assets |

---

The Court advised the parties that a sale hearing could be conducted on July 6, 2010, which date was consented to by all parties.

F. The Debtor's voluntary Chapter 11 Petition was filed on July 2, 2010, and contemporaneously therewith Debtor filed certain first day applications, including an application for the nunc pro tunc use of cash collateral and for interim DIP Financing, and for a hearing on shortened notice for the sale of substantially all of Debtors' assets. An emergency hearing was conducted on July 6 and thereafter, upon notice to all creditors, on July 8, 2010. At the hearing on July 8, 2010, the Court entered an Order scheduling the sale hearing for July 14, 2010 at 2:00 p.m.

G. Debtor has represented and this Court finds that all due diligence information requested by potential purchasers has been provided. The Court further finds prior to the Sale Hearing Debtor received no bids for the assets to be sold, nor was Debtor advised of any party wishing to make a higher or better offer than the offer received from Sovereign.

H. At the Sale Hearing, in addition to the credit bid by Sovereign, offers were submitted by third parties for certain assets, namely: the Tenafly Property and for specific new and unused inventory of certain boilers and water heaters.

I. The Court finds that the cash offer by General Plumbing Supply ("General Plumbing") for the Tenafly Property at $1.2 million, including the offer to accept a consignment of the inventory at the Tenafly Property for sale upon the same terms as set forth in the secured

**(Page 5)**
Debtor:           Ridgewood Corp.
Case No.:         10-30571
Caption of Order: Order Approving Sale of Substantially All Assets

---

creditor sale and disposition agreement previously filed with the Stay Relief Motion, and further subject to a $300,000 deposit being paid by July 16, 2010 and a closing within 30 days, with no financing contingency is the highest and best offer for the Tenafly Property (the "General Plumbing Offer").

J. Approval of the proposed sale to Sovereign for all remaining assets (other than the Tenafly Property) and consummation of the transactions set forth in the Sale Motion is in the best interest of Debtor, its employees, the creditors and all other parties in interest.

K. Debtor has demonstrated both (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for the sale pursuant to 11 U.S.C. § 363(b), in that, among other things, any delay in conducting the sale would result in the demise of Debtor's going concern value and the cessation of business operations, as well as the incurrence of additional substantial costs and expenses, to the detriment of Debtor and its estate.

L. The terms and conditions set forth in the Term Sheet and the General Plumbing Offer represent fair and reasonable purchase prices and constitute the highest and best offers obtainable for the assets. The sales to Sovereign and to General Plumbing pursuant to 11 U.S.C. § 363(b) is the best alternative to preserve the value of the assets for the benefit of all constituencies.

M. The terms of the sales have been fully disclosed, the sales were negotiated, proposed and

**(Page 6)**

| | |
|---|---|
| Debtor: | Ridgewood Corp. |
| Case No.: | 10-30571 |
| Caption of Order: | Order Approving Sale of Substantially All Assets |

---

entered into by Ridgewood, as seller and Sovereign and General Plumbing Supply, as purchasers, without collusion, and in good faith. Neither Debtor nor Sovereign or General Plumbing has engaged in any conduct that would cause or permit the sale to be avoided under 11U.S.C. § 363 (n).

N. Sovereign and General Plumbing are good faith purchasers within the meaning of 11 U.S.C. § 363 (m) and as such, are entitled to all of the protections afforded thereby. Sovereign and General Plumbing will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Sale Motion at all times after the entry of this Sale Order.

O. Sovereign has the right, pursuant to 11 U.S.C. § 363(k), to credit bid for the assets and to offset its claim against the purchase price of the assets.

BASED upon the foregoing, and good cause having been shown, it

**IS HEREBY ORDERED** as follows:

1. The proposed sale of the Debtor's assets to Sovereign pursuant to 11 U.S.C. § 363 as set forth in the Term Sheet for the acquisition of assets of Ridgewood Corp. (the "Term Sheet") attached as Exhibit "C" to the Debtor's Motion be and is hereby approved in all respects; except, however, in regards to the sale of the Tenafly Property;

2. The Debtor hereby is authorized to sell the Tenafly Property to General Plumbing in accordance with the offer placed on the record during the Sale Hearing and set forth above, *and Sovereign's credit bid to all of $750,000 for the Tenafly Property shall act as a back up bid if the Sale to General Plumbing does not close, and said back up bid is approved.*

**(Page 7)**
Debtor:            Ridgewood Corp.
Case No.:          10-30571
Caption of Order:  Order Approving Sale of Substantially All Assets

---

3. As set forth in the term sheet annexed as Exhibit "C" to the Debtor's Motion the sales to Sovereign and General Plumbing are free and clear of all liens, claims and encumbrances, but subject to Sovereign's rights under various landlords release and waiver agreements with regard to leased premises where assets may be located, subject to paragraph 4 below.

4. Sovereign's lien shall attach to the proceeds of the sale of the Tenafly Property and the proceeds of such sale shall be remitted to Sovereign upon Debtor's receipt of same.

5. The Debtor be and is hereby authorized to take all actions and execute all documents necessary to consummate the transactions contemplated in the Term Sheet and by this Sale Order.

6. In light of the emergent financial circumstances presented to the Court by the Debtor, the stay of the within Order, pursuant to Rule 6004(h) be and is hereby vacated and the Debtor is authorized to immediately consummate the sale transaction as set forth in the Term Sheet and this Sale Order.