| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| **DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-2(c) <br><br> **WOLFF & SAMSON PC** <br> Karen L. Gilman (KG-5161) <br> One Boland Drive <br> West Orange, New Jersey 07052 <br> Telephone: (973) 325-1500 <br> Facsimile: (973) 325-1501 <br> E-Mail: kgilman@wolffsamson.com <br><br> *Attorneys for Sovereign Bank* |  |
| In re: <br><br> RIDGEWOOD CORPORATION, <br><br> Debtor. | **Case No. 10-30571 (RG)** <br><br> Chapter 11 |

## FINAL ORDER REGARDING DEBTOR IN POSSESSION FINANCING AND FOR NUNC PRO TUNC USE OF CASH COLLATERAL AND FOR RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through fourteen (14) of fourteen (14), is hereby **ORDERED.**

DATED: 7-22-10

_____
Honorable Rosemary Gambardella
United States Bankruptcy Judge

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document    Page 2 of 15

Purported Debtor: Ridgewood Corporation
Case No.: 10-30571 (RG)
Caption of Order: Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

This matter having come before the Court upon the application dated July 2, 2010 (the "Motion") of Ridgewood Corporation, the above-captioned debtor and debtor-in-possession ("Ridgewood" or the "Debtor"), pursuant to Sections 105, 361, 362, 363, 364 (c)(1), 364 (c)(2), 364 (c)(3) and 364 (d), of Title 11 of the United States Code, 11 U.S. C. § § 101, et seq. (as amended, the "Bankruptcy Code"), Rules 2002, 4001 (c) and 9014 of the Federal Rules of Bankruptcy Procedure ( the "Bankruptcy Rules"), seeking entry of an Order authorizing the Debtor:[1]

(a) to establish a revolving credit and financing arrangement with Sovereign Bank (Sovereign"), as contemplated by that certain Modification Agreement dated as of July 6, 2010 ( the "DIP Revolving Loan Agreement"), substantially in the form attached to the Motion as Exhibit A  between the Debtor and Sovereign to obtain loans and other extensions of credit (the "DIP Facility"), and to execute any and all ancillary documents entered into in connection with the DIP Revolving Loan Agreement (together with the DIP Revolving Loan Agreement, the "DIP Loan Documents") including, in the sole and absolute discretion of Sovereign,  the Revolving DIP Loan of up to a maximum amount of $1.0 million conditioned, however, on the aggregate outstanding balance of the Advances, including both  Pre-Petition Revolving Obligations and Post-Petition Revolving Obligations not exceeding the lesser of (i) the Borrowing Base (which includes the Permitted Overbase Amount up to a maximum of $1.1 million), or (ii) the Maximum Line Amount;

(b) to grant Sovereign, pursuant to Bankruptcy Code Section 364, liens on and security interests in all of the Debtor's currently owned and after-acquired real and personal property  (the "Collateral") as more fully described in the DIP Loan Documents, to secure the Debtor's obligations under the DIP Facility and the DIP Loan Documents, subject to the limitations described therein and herein;

(c) with respect to the property, assets and estate of the Debtor, to grant Sovereign an administrative super-priority claim in payment with respect to the obligations under the DIP Loan Documents over any and all administrative expenses of the kinds specified in Bankruptcy Code Sections 503 (b), 507(b) and 546 (c), subject to the limitations therein and herein; and

due and sufficient notice of the Motion having been given; and upon all of the pleadings filed with the Court and the record made at the hearings  before this Court and argument of counsel;

and no objections having been filed to the entry of this Final DIP Financing Order; and this Court having found good and sufficient cause appearing therefore:

IT IS HEREBY FOUND AND CONCLUDED that:

A. On June 18, 2010, Petitioning Creditors filed an Involuntary Petition under Chapter 7 against Ridgewood .

B. On July 2, 2010, Ridgewood filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is continuing in possession of its property, and operating and managing its business, as a debtor-in-possession, pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested or appointed in the Chapter 11 case.

C. On July 6, 2010, this Court entered an Emergency Order authorizing: (i) Debtor's use of cash collateral nunc pro tunc; (ii) emergency DIP Financing in an amount up to $250,000; and (iii) execution of the DIP Loan Documents.

D. On July 8, 2010, this Court after appropriate notice and hearing, entered an Interim Order authorizing (i) Debtor's use of cash collateral nunc pro tunc; and (ii) DIP Financing up to $1,000,000.

D. This Court has jurisdiction over the Chapter 11 Case and the Motion pursuant to 28 U.S.C. §§ 157 (b) and 1334. Venue is proper in this district pursuant to 28 U.S.C. § § 1408 and

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document    Page 4 of 15

Purported Debtor: Ridgewood Corporation
Case No.: 10-30571 (RG)
Caption of Order: Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

1409. The Motion presents a core proceeding as defined in 28 U.S.C. § 157 (b) (2).

E.. The Debtor is engaged in the business of distributing plumbing, heating and air conditioning products, operating out of 13 locations in New Jersey, New York and Pennsylvania and employs approximately 70 employees.

### The Pre-Petition Debt

E. On or about October 10, 2003, Ridgewood entered into a Loan and Security Agreement with Sovereign pursuant to which Sovereign extended to Ridgewood a revolving line of credit up to a maximum amount of $20 million and a non-revolving equipment line of credit up to a maximum amount of $500,000. The loans were evidenced by a Line Note and an Equipment Line Note, each dated October 10, 2003.

F. Pursuant to the Loan and Security Agreement, as security for the prompt payment and performance of all Bank Indebtedness (as defined in the Loan and Security Agreement), Ridgewood granted Sovereign a security interest in all of its present and future assets and all products and proceeds thereof, wherever located.

G. Sovereign perfected its security interest by filing a Uniform Commercial Code Financing Statement ("UCC-1") on September 18, 2003, Filing Number 21783593 and a Continuation Statement on May 8, 2008.

H. On July 31, 2006, Sovereign and Ridgewood entered into a Second Allonge to the $500,000 Equipment Line Note reflecting Equipment Line Advances in the aggregate amount of

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document      Page 5 of 15

Purported Debtor:   Ridgewood Corporation
Case No.:           10-30571 (RG)
Caption of Order:   Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

$240,000, as well as the First Amendment and Modification to Loan and Security Agreement (the First Amendment") pursuant to which Sovereign granted Ridgewood an additional term loan in the maximum principal amount of $880,000 ( the "Term Loan").

I. As security for the full and timely payment and performance of all Bank Indebtedness (as defined in the Loan and Security Agreement) Ridgewood granted Sovereign a first priority mortgage in real property owned by Ridgewood commonly known as 44 Franklin Street, Tenafly, New Jersey.

J. Sovereign perfected its security interest in the real property by filing the Mortgage with the Bergen County Clerk on October 7, 2006 in Mortgage Book 16348, Page 383 through 401 and also filed, on December 1, 2006, with the New Jersey Department of Treasury, UCC Section, an all asset filing as well as a fixture filing on 44 Franklin Street, Tenafly, New Jersey, Document Number 2391887.

K. The Mortgage was modified by a certain Mortgage Modification Agreement dated April 9, 2009, which modification was recorded with the Bergen County Clerk on May 6, 2009.

L. Additional Amendments and Modifications to the Loan and Security Agreement were executed on March 19, 2007 (the "Second Amendment"), August 16, 2007 (the "Third Amendment"), July 22, 2008 (the "Fourth Amendment"), April 9, 2009 (the "Fifth Amendment"), July 31, 2009 (The Sixth Amendment") and October 13, 2009 (the Seventh Amendment") which Seventh Amendment provides that upon an Event of Default of the Line, the Term Loan shall be due and payable in full.

M. Pursuant to the pre-petition Loan Documents, Sovereign holds validly perfected liens

1246632.3

and security interest in all of Ridgewood's present and future assets and all products and proceeds thereof, wherever located (including, without limitation, accounts, account receivable, cash, cash equivalents, inventory, intangibles, contract proceeds, and the like ("Cash Collateral"); as well as a mortgage on Ridgewood's real property at 44 Market Street, Tenafly, New Jersey and an Assignment of Rents and Leases.

### Debtor's Emergent Need for Financing

N.  By letter dated March 8, 2010, Sovereign notified Ridgewood of the occurrence of Events of Default (as defined in the Loan Documents). On April 15, 2010 Sovereign served Ridgewood with a Notice of Partial Exercise of Remedy and Reservation of Rights. Ridgewood has been and remains in default under the Loan Documents, and is not in compliance with the lending limits and the borrowing base formulas established therein.

O.  On May 20, 2010, Sovereign served notice, in accordance with the provisions of the Uniform Commercial Code, of its intention to exercise its rights under the pre-petition Loan Documents and to sell or otherwise dispose of that portion of the collateral constituting all or part of Ridgewood's general intangibles, inventory and equipment at a private sale after June 3, 2010.

P.  On June 15, 2010, Ridgewood executed three separate Secured Party Sale and Disposition Agreements, pursuant to which Ridgewood acknowledged its material default of its obligations to Sovereign, its inability to cure such defaults, and its agreement to surrender the collateral to Sovereign. In accordance with the Disposition Agreements, a closing was scheduled for June 25, 2010.

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document    Page 7 of 15

Purported Debtor:   Ridgewood Corporation
Case No.:   10-30571 (RG)
Caption of Order:   Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

Q. In response to the involuntary Chapter 7 Petition, and during a joint hearing on the petitioning creditors' motion to appoint an interim trustee and Sovereign's motion for relief from the automatic stay to close the secured party sale and disposition agreements, Ridgewood elected to file a voluntary Chapter 11 petition and to conduct a section 363 sale of its assets.

R. The Debtor could not and cannot survive solely on Cash Collateral. The Debtor does not have sufficient available sources of working capital and financing to carry on the operation of its business without DIP Financing. Without the DIP Facility, the Debtor's operations will immediately cease and the jobs of its employees will be lost. The DIP Financing is essential for the Debtor to pay employees, maintain business relationships and continue operations pending the closings of the § 363 sales.

S. It is a term and condition of the DIP Financing being offered to the Debtor that the Debtor use proceeds of that facility to satisfy obligations that are critical to ongoing operations of the Debtor in accordance with the budget annexed to the Motion as Exhibit B.

T. Given the Debtor's current financial condition, the Debtor is unable to sustain its operations solely with the use of Cash Collateral, and as described in the Motion, is unable to obtain unsecured credit allowable solely under Bankruptcy Section 503 (b)(1) as an administrative expense. Financing on a post-petition basis is not otherwise available without the Debtor granting, pursuant to Bankruptcy Code Section 364 (c) (1), claims having priority over any and all administrative expenses of the kinds specified in Bankruptcy Code Sections 503 (b), 507(b), and 546 (c), and securing such indebtedness and obligations with the security interests in and the liens upon the property described below pursuant to Bankruptcy Code Section 364.

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document    Page 8 of 15

Purported Debtor: Ridgewood Corporation
Case No.: 10-30571 (RG)
Caption of Order: Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

U. Under the circumstances, no other post-Petition financing exists on terms more favorable than those offered by Sovereign under the DIP Facility.

V. The terms of the DIP Facility are fair and reasonable, reflect the Debtor's exercise of reasonably prudent business judgment consistent with its fiduciary duty, and are supported by equivalent fair value and fair consideration. The post-petition financing under the DIP Facility has been negotiated in good faith, and the post-petition financing to be provided has been extended in good faith as that terms in used in Bankruptcy Code § 364 (e).

W. Sovereign is willing to provide the DIP Facility subject to the conditions set forth herein and in the DIP Loan Documents and the protections afforded pursuant to the Interim and this Final Financing Order, which will not be affected by any subsequent reversal or modification of this Order or any other Order which is applicable to the DIP Facility to the extent provided in Bankruptcy Code § 364 (e).

X. The Debtor has requested the immediate entry of this Order pursuant to Federal Rule of Bankruptcy Procedure 4001 (b) and (c).

**FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, AJUDGED AND DECREED AS FOLLOWS:**

1. The Motion be, and hereby is, granted on the terms set forth herein.

2. Subject to the terms and conditions contained in this Final Financing Order, the Debtor is expressly authorized and directed to borrow from Sovereign under the DIP Revolving Credit Facility, an amount, in Sovereign's sole and absolute discretion, up to $ 1,000,000; including $30,000 for a retainer for Debtor's attorneys, $30,000 for a retainer to Brown,

1246632.3

Moskowitz & Kallen, as Debtor's transactional counsel, and $35,000 for a retainer to Morris Anderson & Associates, as Debtor's restructuring advisors, and to execute and deliver such additional documents and agreements as may be reasonably required by Sovereign to implement the terms, and effectuate the purpose, of this Order. The terms and conditions of the DIP Loan Documents are hereby approved and ratified, and the Debtor is authorized and directed to comply with and perform all of the terms and conditions contained therein.

3. The Debtor is expressly authorized to borrow under the DIP Revolving Loan Agreement, on the terms and subject to the limitations on availability set forth therein and to use the proceeds of the Loans as expressly set forth in the budget attached to the Motion. All payments on Accounts are to be deposited into a blocked deposit account designated by and under the exclusive control of Sovereign. In the event Ridgewood receives any payments of an Account or other Collateral said payments are to be held in trust for Sovereign and forwarded to Sovereign (with any necessary endorsement) by overnight delivery and/or at Sovereign's discretion deposited into a blocked deposit account in the name of and under the exclusive control of Sovereign. All such payments shall be applied by Sovereign first to the Pre-Petition Revolving Obligations and second to the Post-Petition Revolving Obligations.

4. The automatic stay imposed under Bankruptcy Code Section 362 (a) (4) is hereby lifted to permit the Debtor to grant the Liens (as described below) to Sovereign, and to perform the acts required or permitted by the DIP Revolving Loan Agreement.

5. The use of Cash Collateral and the DIP Financing to avert an immediate liquidation of the Debtor and to preserve the Debtor's enterprise value constitutes partial "adequate

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document    Page 10 of 15

Purported Debtor:  Ridgewood Corporation
Case No.:          10-30571 (RG)
Caption of Order:  Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

protection" within the meaning of Bankruptcy Code section 361 against a diminution in the value of Sovereign's pre-petition collateral.

6. As partial adequate protection for the DIP Financing and as security for the pre- and post-petition loans, Sovereign is hereby granted (i) valid and perfected liens and security interests in all accounts receivable, equipment, inventory, and other property of the kind and character of the collateral that secured Ridgewood's indebtedness to Sovereign prior to the filing of the involuntary Chapter 7 petition, including any proceeds and products therefrom, that is acquired by Ridgewood after the filing date in the same priority as existed as of the filing, and (ii) valid and perfected liens and security interests in all other assets now owned or hereafter acquired by Ridgewood, including rights under the real property leases, including any proceeds and products thereof, which liens and security interests of Sovereign shall be junior only to valid and perfected senior liens and security interests that exist in favor of other creditors as of the Filing Date, if any (collectively, the "Replacement Liens").

7. In accordance with section 364 (d) of the Bankruptcy Code, all obligations under the DIP Facility shall constitute secured claims against the Debtor and its estate, *pari passu* with the pre-petition liens of Sovereign in and to the Debtor's assets and shall constitute claims (the "Super-Priority Claims") with priority in payment over any and all administrative expenses of the kind specified or ordered pursuant to any provision of the Bankruptcy Code, including, but not limited to, Bankruptcy Code sections 105, 326, 328, 330, 331, 503 (b), 506 (c), 507 (a), 507 (b) and 546 (c) and shall at all times be senior to the rights of the Debtor, any successor trustee to the extent permitted by law, or any other creditor in the Chapter 11 case or any subsequent

1246632.3

proceedings under the Bankruptcy Code, including, without limitation, any Chapter 7 proceedings if the Debtor's case is converted to a case under Chapter 7 of the Bankruptcy Code. No cost or expense of administration under the Bankruptcy Code sections 105, 364 (c), 503 (b), 507 (b) or otherwise, shall be senior to, equal to, or *pari passu* with, the Super-Priority Claims of Sovereign.

8. Notwithstanding the foregoing, the Super-Priority Claims and, together with the Replacement Liens (the "DIP Protections"), shall be subject only to the right of payment of the following expenses (the "Carve-Out"): (a) the payment of any unpaid fees payable pursuant to 28 U.S.C. § 1930 (including, without limitation, fees under 28 U.S.C. § 1930 (a)(b)(6); (b), the fees due to the Clerk of the Court; and (c) fees and expenses of Wasserman, Jurista & Stolz as counsel to Debtor, as set forth in an Order of this court after the filing of a final fee application, to which application all of Sovereign's rights to object are hereby reserved.

9. The Debtor's estate may not assert a claim under Bankruptcy Code § 506 (c) for any costs and expenses incurred in connection with the preservation, protection or enhancement of, the Collateral. Sovereign shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any Collateral. Sovereign shall not be required to file or serve financing statements, mortgages, patent and trademark security agreements and similar instruments which are used to perfect liens and security interests in intellectual property (if any), notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect the liens on the collateral. If, however, Sovereign, in its sole discretion, shall determine to file any

1246632.3

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document    Page 12 of 15

Purported Debtor:   Ridgewood Corporation
Case No.:           10-30571 (RG)
Caption of Order:   Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

such financing statements, mortgages, agreements, or similar instruments, or to otherwise confirm perfection of such liens, the Debtor is obligated to cooperate with and assist in such process, the automatic stay is hereby modified to the extent necessary to allow it to do so, and all such documents shall be deemed to have been perfected at the time of and on the date of this Order, and shall be and herby are deemed and adjudicated senior to any other post-petition filing by any other person or entity with respect to the same collateral.

10. The budge annexed to the Interim Financing Order as Exhibit A is approved and the Debtor is authorized to expend funds pursuant to the budget, the terms of the DIP Revolving Loan Agreement and this Order.

11. As long as any portion of the Obligations remains unpaid, or any of the DIP Loan Documents remain in effect (without prejudice to the other Events of Default), it shall constitute an Event of Default if (a) there shall be entered any order dismissing the Chapter 11 Case, or an order shall be entered by the Bankruptcy Court, or the Debtor shall file an application for an order, converting the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or (b) there shall be entered in the Chapter 11 Case or any subsequent Chapter 7 case any order which authorizes under any section of the Bankruptcy Code, including Bankruptcy Code sections 105 or 364m (i) the granting of any senior or *pari passu* lien or security interest in any of the collateral in favor of any party other than Sovereign, or (ii) the obtaining of credit or the incurring of indebtedness that is entitled to super-priority administrative status, in either case equal to that granted to Sovereign, if the Debtor seeks any of the foregoing relief; unless, in connection with any transaction cited in clauses (i) or (ii) of this paragraph, such order requires

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document      Page 13 of 15

Purported Debtor:   Ridgewood Corporation
Case No.:           10-30571 (RG)
Caption of Order:   Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

that the obligations to Sovereign shall first be indefeasibly paid in full in cash. Otherwise, and in addition to creating an Event of Default, the Debtor, on behalf of its estate, expressly waives any right to request the Court's approval of such a transaction.

12. It having been an additional Event of Default under the DIP Facility if the § 363 sale hearing was not concluded and a sale Order was not entered on or before July 15, 2010, and Sovereign having consented to the extension of time for the entry of the Sale Order to July 17, 2010, that Event of Default is deemed to have been waived. Upon the occurrence of any other Event of Default, without further Order of this Court, Sovereign shall give Debtor twenty-four (24) hour notice and shall be entitled to suspend making loans and the Debtor shall be prohibited from the further use of cash collateral.

13. The DIP Facility shall constitute valid and binding obligations of the Debtor, enforceable against the Debtor and its successors and assigns, in accordance with its terms.

14. The extent, validity and perfection of Sovereign's pre-petition liens and security interests in Debtor's assets are for all purposes subject only to the rights of the Official Committee of Unsecured Creditors (if such a Committee is appointed pursuant to Section 1102 of the Bankruptcy Code (the "Committee") in the Debtor's Chapter 11 case, for a period of sixty (60) days commencing on the earlier of (a) the date of the appointment of said Committee, or (b) the date of the entry of an Order approving the sale of substantially all of the Debtor's assets, to file a complaint pursuant to Bankruptcy Rule 7001, seeking to invalidate, or otherwise challenge the pre-petition debt and/or Sovereign's pre-petition liens upon and security interests in the pre-petition collateral pursuant to the Bankruptcy Code. If such complaint is not timely filed

Case 10-30571-RG   Doc 75   Filed 07/22/10   Entered 07/22/10 17:00:23   Desc Main
Document   Page 14 of 15

Purported Debtor: Ridgewood Corporation
Case No.: 10-30571 (RG)
Caption of Order: Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

within such sixty (60)day period set forth above, Sovereign, and its respective agents, officers, directors and employees shall be deemed released and discharged from all claims and causes of action arising out of the pre-petition loans and liens.

15. Having been found to be extending credit and making loans to the Debtor in good faith, based upon the record before this Court, Sovereign shall be entitled to the full protection of Bankruptcy Code Section 364(e) with respect to the obligations and the liens created, adjudicated and authorized by this Order in the event that this Order, or any finding, adjudication, or authorization contained herein is stayed, vacated, reversed or modified on appeal. Any stay, modification, reversal or vacation of this Order shall not affect the validity of any obligation of the Debtor to Sovereign incurred pursuant to this Order.

16. The provisions of this Order shall be binding upon Sovereign, the Debtor and their respective successors and assigns (including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor or with respect to property of the estate of the Debtor) whether in the Chapter 11 case, in any subsequent case under Chapter 7 of the Bankruptcy Code or upon dismissal of any such Chapter 11 or Chapter 7 case.

17. The provisions of this Order shall be effective immediately upon entry by the Court, and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) converting the Chapter 11 Case to a Chapter 7 case, or (b) dismissing the Chapter 11 Case; and the terms and provisions of this Order, as well as the Super-Priority Claims and Liens granted pursuant to this Order and the DIP Loan Documents shall remain in full force and effect notwithstanding the entry of such order.

Case 10-30571-RG    Doc 75    Filed 07/22/10    Entered 07/22/10 17:00:23    Desc Main
Document    Page 15 of 15

Purported Debtor:   Ridgewood Corporation
Case No.:           10-30571 (RG)
Caption of Order:   Order Regarding Debtor-In Possession Financing, Nunc Pro Tunc Use of Cash Collateral and For Related Relief

[1] Each initially capitalized term used and not otherwise defined herein shall have the meaning ascribed to such term in the DIP Revolving Loan Agreement or the Motion, as applicable.

**216**